**SCANNED**

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

MANHATTAN DIVISION

RICHARD CAIRES,                    \*

Plaintiff,                         \*

v.                                 \*          Civil Action No. **19 cv 1236**

CHASE                              \*

INSURANCE AGENCY. INC,             \*

Defendant                          \*

J.P. Morgan Chase Custody Services, Inc

Defendant

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

February 7, 2019                                **JURY TRIAL DEMANDED**

**COMPLAINT**



**NATURE OF ACTION**

1.      This is an action for derivative liability, indemnification, monetary damages resulting from negligence and torts and other harm to the Plaintiff, Richard Caires, a resident of Greenwich, Connecticut, hereafter the "Plaintiff" and other parties.

1

2.     The Defendant, Chase Insurance Agency, Inc, hereafter "CHIA", is a corporation organized under the laws of the State of Wisconsin.

3.     The Defendant J.P. Morgan Chase Custody Services, Inc, hereafter CCS" is a corporation organized under the laws of the State of Delaware. Only matter explicitly addressed herein as the Defendant CCS relates to CCS, otherwise Defendant as related herein refers to CHIA.

4.     The Plaintiff Richard Caires, "RC" is party to a general partnership engaged in architectural and interior design and property development and related project financing.

5.     Starting from around September of 2012, the CHIA acted as a conduit for forced placed hazard insurance on a property at 634 North Street, Greenwich, Connecticut 06830, in collusion with JP Morgan Chase N.A, "JPMCB", a loan servicer, together the "Colluding Parties". The property is one of RC and his parties design projects. The forced placed insurance was placed by CHIA with companies such as Assurant, Inc., American Security Insurance Company, Standard Guaranty Insurance Company, and Voyager Indemnity Insurance Company.

6.     These undertakings by the Colluding Parties are not unique to said project, but have been orchestrated around the country, extending into many foreign countries and have harmed tens of thousands of people according to earlier complaints and settlements concerning the insurance activities by the Colluding Parties, directly and indirectly. Indirectly by causing the looting of pension funds, insurance companies, labor unions, other banks and institutions, and ultimately also the US Government, and thereby harming the economy as a whole by the "Scheme" (as defined herein) of the

2

Colluding Parties. These forced placed insurance policies looted property owner's escrow accounts, and thereby ransacking the funds invested in the property by investors in the properties, or by conversion, shifting the resulting gains to anonymous slush funds.

7.      The Plaintiff is now suing the Defendants for the harm done to him and extending to his parties and the resulting damages, and for profiting from it and accommodating other parties to profit from it.

## PARTIES

8.      The Plaintiff, Richard Caires, is a resident of Greenwich, Connecticut.

9.      The Defendant, Chase Insurance Agency, Inc, hereafter "CHIA" is a corporation organized under the laws of the State of Wisconsin, and which is registered by the Secretary of State to do business in New York.

10.     The Defendant Chase Custodial Services, Inc., hereafter "CCS", is a corporation organized under the laws of the State of Delaware.

## STATEMENT OF FACTS

11.     As documented in other lawsuits, the Defendant CHIA and the Colluding Parties received benefits, i e "kick-backs" for placing such insurance, including for the forced placed insurance placed on the instant project. These illicit additional benefits were tacked on to the cost of forced placed insurance, causing the cost of the forced placed insurance for the Plaintiff RC and his parties' project to an unconscionable

3

amount of $96,000.00 in 2013 alone, reaping profits for "CHIA" and the Colluding
Parties.

       12.     CHIA and the Colluding Parties' actions also negligently and tortiously
interfered with the financing of the project. It was decided to accept the offer from a prior
lender to extend the existing financing of the property, Washington Mutual Bank FA,
"WAMUFA".

       13.     WAMUFA however merely acted as a conduit and passed the perceived
deal on to an unknown third party, to which ultimately JPMCB, although never clearly
documented, has claimed to be a successor.

       14.     The succession was claimed by introducing documents in earlier
settlement attempts to the Plaintiff by Fraud in the Factum, causing the Plaintiff's
counsel to accept the document for a fact. Years later after JPMCB continued to rely on
said document, it finally admitted that these were not the true documents.

       15.     This sleight of hand enabled the Colluding Parties to inflate the insurance
on project, from $3,390 per year to an unconscionable amount of $96,000 per year for a
much inferior policy. This amount was removed from the escrow account held by
JPMCB as a servicer to the detriment and financial harm to not only RC and his parties
and investors, but also agencies of the Federal Government.

       16.     JPMCB as a servicer was also under a restraint imposed by federal law
and settlements with federal agencies to continue the insurance that the Plaintiff had for
the project with the Plaintiff's existing carrier but did a bait and switch to the substantially
more expensive forced placed insurance, over twenty-eight times higher! The force

placed insurance policy provided no more than 25% of what the Plaintiff's own policy covered.

17.     Furthermore, when claims arose, the insurer was directed to pay JPMCB directly and not to the Plaintiff and parties, depreciating the value of the property since necessary repairs could not be performed to the standard of the construction of the project itself.

18.     It has been impossible for the Plaintiff and his parties to sell or refinance the property resulting from the foregoing actions of the Colluding Parties.

19.     Neither RC or his parties were informed of the severe title constraints on the property that no title insurer could have overlooked indicating that title search and title insurance fraud also occurred. Such actions have been exposed in various investigations of the title companies by government agencies involving kick-back schemes where real estate agents and lenders had been "reimbursed" with as much as 80% of the title search/insurance fees. Had RC and his parties known of this they would never have commenced a project at the site, and certainly not had it financed. Had this been disclosed, the Colluding Parties would never have been in a position to conduct their scheme.

20.     The Colluding Parties have operated as a cover holder of a master policy, in effect becoming direct insurance provider to the borrowers, where the Colluding Parties controlled the premiums charged, setting the premiums not to the actuarial tables on the estimated true risk, but solely to exorbitant amounts to fleece the Plaintiff, his parties and others and the United States Government through its agencies.

21.     The Plaintiff herein is therefore seeking relief against the Defendant CHIA.

22.     The Defendant CCS is included herein to obtain declaratory rulings as to the veracity of the documents used by the colluding parties. The Plaintiff is seeking a declaratory ruling as to whether there was an indorsement on the mortgage note on December 7- 2011 or not.

### FACTS

23.     Incorporating herein Nature of Action/Statement of Facts/does 1 through 22 herein.

### CLAIM FOR RELIEF

### COUNT ONE

24.     The Plaintiff hereby incorporates by reference the preceding paragraphs as if they were fully set forth herein.

25.     Count One: The Defendant's actions constitute unfair trade practices.

26.     The Defendant's actions were taken in the conduct of trade or commerce in that it offers insurance to the public.

27.     The Defendant's actions were willful, wanton and taken with reckless disregard for the Plaintiff's rights.

28.     As a direct and proximate result of the aforesaid unfair and deceptive acts and practices, the Plaintiff may suffer a substantial loss of money and property.

29.     The aforementioned acts of the Defendant constitute unfair and deceptive acts or practices in the conduct of trade or commerce.

## COUNT TWO

30.     The Plaintiff hereby incorporates by reference the preceding paragraphs as if they were fully set forth herein.

31.     Count Two: The Defendant's actions tortiously interfered with the Plaintiff's contracts and agreements.

32.     As a direct and proximate result of the aforesaid actions, the Plaintiff may suffer a substantial loss of money and property.

## COUNT THREE

33. The Plaintiff hereby incorporates by reference the preceding paragraphs as if they were fully set forth herein.

34.     Count Three: The Defendant actions constitute bad faith, willful, vexatious and unreasonable, unconscionable conduct and business practices, breaking the covenant of good faith and fair dealings and its fiduciary duty to the Plaintiff.

35.     The actions by the Defendant are arbitrary, reckless, intentional, malicious, and fraudulent.

36.     "Good faith" means honesty in fact and the observance of reasonable commercial standards of fair dealing.

37.     As a direct and proximate result of the aforesaid actions, the Plaintiff may suffer a substantial loss of money and property.

## COUNT FOUR

38. The Plaintiff hereby incorporates by reference the preceding paragraphs as if they were fully set forth herein.

39.    Count Four: The Defendant's actions constitute negligence.

40.    As a direct and proximate result of the aforesaid actions, the Plaintiff may suffer a substantial loss of money and property.

### COUNT FIVE

41.    The Plaintiff hereby incorporates by reference the preceding paragraphs as if they were fully set forth herein.

42.    Count Five: The Defendant's actions demonstrate willfulness, intent and constitute fraud and consumer fraud.

43.    As a direct and proximate result of the aforesaid actions, the Plaintiffmay suffer a substantial loss of money and property.

### COUNT SIX

44.    The Plaintiff hereby incorporates by reference the preceding paragraphs as if they were fully set forth herein.

45.    Count Six: As a result of the Defendant's actions the Plaintiff has suffered emotional distress and mental anguish.

46.    As a direct and proximate result of the aforesaid actions, the Plaintiff may suffer a substantial loss of money and property.

### COUNT SEVEN

47.    The Plaintiff hereby incorporates by reference the preceding paragraphs as if they were fully set forth herein.

48.    Count Seven: As a result of the Defendant's actions the Plaintiffs have suffered a loss of reputation, including from falsely reported information to credit reporting agencies.

8

49.    As a direct and proximate result of the aforesaid actions, the Plaintiff's credit rating has been damaged.

50.    As a direct and proximate result of the aforesaid actions, the Plaintiff's business reputation has been damaged.

51.    As a direct and proximate result of the aforesaid actions, the Plaintiff's ability to conduct business and earn an income has been damaged.

52.    As a direct and proximate result of the aforesaid actions, the Plaintiff may suffer a substantial loss of money and property.

### COUNT EIGHT

53.    The Plaintiff hereby incorporates by reference the preceding paragraphs as if they were fully set forth herein.

54.    Count Eight:  The Defendant's malfeasance has interfered in the economic activities of the Plaintiff and cause loss of opportunity and also cause a loss in property value, continuation of construction, delayed any prospective sale of the property, and other related damages.

55.    As a direct and proximate result of the aforesaid actions, the Plaintiffs may suffer a substantial loss of money and property.

### COUNT NINE

56.    The Plaintiff hereby incorporates by reference the preceding paragraphs as if they were fully set forth herein.

9

57.     Count Nine:  The Defendant's actions have interfered in the Plaintiff's' contracts and the relationship with the Plaintiff's partners, contractors, agents and other parties, including the Plaintiff's insurer and insurance agent.

58.     As a direct and proximate result of the aforesaid actions, the Plaintiff may suffer a substantial loss of money and property.

## COUNT TEN

59.     The Plaintiff hereby incorporates by reference the preceding paragraphs as if they were fully set forth herein.

60.     Count Ten:  The Defendant's actions and unfair trade practices, constitute collusion to form cartels with other participants in the insurance market, price fixing and has impacted commerce, and the ability of the Plaintiff, the residents of the area, the State and the global marketplace, to find reasonably priced insurance in relation to performance, creating a predatory environment benefiting insurance companies and keeping reasonable insurance companies, as to price and performance, from fairly competing in the market.

61.     The Defendant has knowingly continued to offer insurance in the market, including the East Coast, and in New York and in Connecticut, despite the knowledge that it has colluded with parties that force homeowners, borrowers and consumers into these policies, and in the knowledge that these policies are overpriced and inferior in coverage, and, that the insurers are not likely to fully perform when casualties occur.

62.     As a direct and proximate result of the aforesaid actions, the Plaintiff may suffer a substantial loss of money and property.

10

## COUNT ELEVEN

63.     The Plaintiff hereby incorporates by reference the preceding paragraphs as if they were fully set forth herein.

64.     Count Eleven:  The Defendant's actions constitute unfair claim settlement practices committed and performed with such frequency as to indicate a general business practice, and not isolated events.

65.     Such actions by the Defendant includes these actions: Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue; failing to acknowledge and act with reasonable promptness upon communications with respect to claims arising under insurance policies; failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; refusing to pay claims without conducting a reasonable investigation based upon all available information;  failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;  not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;  compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds;  attempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application;  attempting to settle claims on the basis of an application which was altered without notice to, or knowledge or consent of the insured; making known to insureds or claimants a policy of appealing from arbitration awards in favor of insureds or claimants

11

for the purpose of compelling them to accept settlements or compromises less than the amount awarded in arbitration; failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage; failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

66.    JPMCB failed to communicate with the Plaintiff as required under RESPA, the Real Estate Settlement Procedures Act leaving the Plaintiff unknowing as to the nature of the policy it forced him into in violation of RESPA and CGS § 38a-816, and violated his right to information under federal law, thereby enabling CHIA and the Colluding Parties to conduct their scheme.

67.    Whether prevailing statutory law under State insurance regulation allows private action by the Plaintiff, is unclear at present, however where a unison reason for action, a general pattern directed not just at the Plaintiff, but towards the public and the community as a whole, exist under the statutory remedies again unfair trade practices, it is consistent with practice and common law for the Plaintiffs to pursue the actions here in the eleventh count.

68.    The Defendant CHIA's actions were taken in the conduct of trade or commerce in that it offers insurance to the public.

69.    The Defendant CHIA's actions were willful, wanton and taken with reckless disregard for the Plaintiff's rights.

70.     As a direct and proximate result of the aforesaid actions, the Plaintiff may suffer a substantial loss of money and property,

71.     The aforementioned acts of the Defendant CHIA constitute unfair and deceptive acts or practices in the conduct of trade or commerce in violation of the unfair trade practices and statutory laws in the jurisdictions affected herein.

## COUNT TWELVE

72.     The Plaintiff hereby incorporates by reference the preceding paragraphs as if they were fully set forth herein.

73.     Count Twelve:  The Defendant's actions constitute Unjust Enrichment/Disgorgement.

74.     The Plaintiff has conferred a substantial benefit upon the CHIA and its Colluding Parties, including JPMCB and the Insurance Carriers derived from the unconscionable force-placed insurance premiums debited to Plaintiff and other homeowners, borrowers and consumers, members of the public, so situated.

75.     By, among other things, providing unnecessary and exorbitantly priced forced place insurance policies, "FPI" including backdated policies, on the properties of Plaintiff and the members of the public, pursuant to its  contracts and relationships with JPMCB and the Insurance Carriers and by backdating policies, the Defendant CHIA were able to collect substantial premiums for unnecessary and unusable property insurance coverage. The Defendant CHIA and its parties were unjustly enriched by these practices.

76.     These payments were accepted and retained by the Defendant CHIA and its parties as defined herein under circumstances such that it would be inequitable for

13

the Defendant and related parties to retain the benefit without payment to Plaintiff and the members of the public in the same situation.

77.     As a result of the Defendant's and its Colluding Parties unjust enrichment, Plaintiff and the members of the public so situated have sustained damages in an amount to be determined at trial and seek full disgorgement and restitution of the Defendant CHIA and its Colluding Parties enrichment, benefits, and ill-gotten gains acquired as a result of the unlawful or wrongful conduct alleged above.

78.     Further, Plaintiff and the members of the public so situated, individually seek restitution and disgorgement of profits realized by the Defendant and the parties to which it has been an accessory and with which it has colluded, as a result of their unfair, unlawful and/or deceptive practices.

79.      As a direct and proximate result of the aforesaid actions, the Plaintiff may suffer a substantial loss of money and property.

## COUNT THIRTEEN

80.     The Plaintiff hereby incorporates by reference the preceding paragraphs as if they were fully set forth herein.

81.     Count Thirteen:  The Defendant's actions constitute aiding and abetting a breach of fiduciary duty.

82.     The Defendant breached its fiduciary duties to the Plaintiff as set forth herein.

83.     The Defendant CHIA and its Colluding Parties, JPMCB and the Insurance Carriers, actively induced and/or participated in the parities breach of fiduciary duties through the conduct described herein, including, but not limited to, offering the

14

Defendant and the parties opportunity to reap additional profits and facilitating the realization of such profits through a scheme to force-place borrowers serviced by the parties in unnecessary, duplicative and exorbitantly priced force-placed insurance and tracking services sold by the parties, in exchange for kickbacks, sham commissions, fees for sham services and "rebates" paid to the parties.

84.      The Defendant CHIA actively induced and/or participated in the parties' breach of fiduciary duties through the provision of tracking services that identified and implemented the force-placement of Plaintiff in unnecessary, duplicative and exorbitantly priced hazard insurance and facilitated the billing and payment for such insurance.

85.      The Defendant CHIA and its parties, JPMCB and the Insurance Carriers, have concealed the identity of the true parties, leaving the Plaintiff unknowing which the true parties are in the claimed transactions.

86.      As a result if the breach of fiduciary duties to Plaintiff by the Defendant and its parties that the Defendant CHIA and its Colluding Parties induced and/or participated in as hereinabove described, Plaintiff suffered damages in the form of unnecessary and excessive escrow charges, unnecessary and improper depletion of escrow funds intended for and properly allocated to other Escrow Items, a loss of funds from the Plaintiff's escrow accounts, and/or loss of equity in the property due to increases in the amounts due under the alleged mortgage to cover escrow shortfalls.

87.      The Plaintiffs is entitled to all damages resulting from the Defendant CHIA and its parties breach of their fiduciary obligations and misappropriation of escrow funds

15

and the Defendant and its parties are liable for these damages by virtue of their conduct aiding and abetting the Defendant CHIA and its parties wrongful conduct.

## **COUNT FOURTEEN**

88.     This section concerns the Defendant CCS only.

89.     Count Fourteen:  The Plaintiff seek a declaratory ruling as to whether the mortgage note to the property herein on 12-07-2011 contained an indorsement in blank or not, simply yes or no.

**Wherefore, the Plaintiff claims:**

**AS TO COUNT ONE:**

1. Money damages;

2. Costs of litigation;

3. Punitive damages pursuant to the Statutes regulating unfair trade practices in the States affected by CHIA's and its Colluding Parties' actions herein;

4. Consequential damages.

5. Attorney fees pursuant to statutory remedies.

6. Such equitable relief as may seem to the Court to be just and proper; and interest pursuant to statutory remedies.

**AS TO COUNT TWO:**

1. Money damages;

2. Costs of litigation;

3. Punitive and consequential damages;

4. Attorney fees;

5. Such equitable relief as may seem to the Court to be just and proper;

6. Interest.

**AS TO COUNT THREE:**

1. Money damages;

2. Costs of litigation;

3. Punitive and consequential damages;

4. Attorney fees;

5. Such equitable relief as may seem to the Court to be just and proper;

6. Interest.

**AS TO COUNT FOUR:**

1. Money damages;

2. Costs of litigation;

3. Punitive and consequential damages;

4. Attorney fees;

5. Such equitable relief as may seem to the Court to be just and proper; and

6. Interest.

**AS TO COUNT FIVE:**

1. Money damages;

2. Costs of litigation;

3. Punitive and consequential damages;

4. Attorney fees;

5. Such equitable relief as may seem to the Court to be just and proper; and

6. Interest.

**AS TO COUNT SIX:**

1. Money damages;

2. Costs of litigation;

3. Punitive and consequential damages;

4. Attorney fees;

5. Such equitable relief as may seem to the Court to be just and proper; and

6. Interest.

**AS TO COUNT SEVEN:**

1. Money damages;

2. Costs of litigation;

3. Punitive and consequential damages;

4. Attorney fees;

5. Such equitable relief as may seem to the Court to be just and proper; and

6. Interest.

**AS TO COUNT EIGHT:**

1. Money damages;

2. Costs of litigation;

3. Punitive and consequential damages;

4. Attorney fees;

5. Such equitable relief as may seem to the Court to be just and proper; and

6. Interest.


**AS TO COUNT NINE:**

1. Money damages;

2. Costs of litigation;

3. Punitive and consequential damages;

4. Attorney fees;

5. Such equitable relief as may seem to the Court to be just and proper; and

6. Interest.

## AS TO COUNT TEN:

1. Money damages;

2. Costs of litigation;

3. Punitive and consequential damages;

4. Attorney fees;

5. Such equitable relief as may seem to the Court to be just and proper; and

6. Interest.

7. That the Court within its power bars the Defendant from seeking further business and from the renewal of its license to transact insurance business in the State of Connecticut, either by direct order, or appropriate fines.

## AS TO COUNT ELEVEN:

1. Money damages;

2. Costs of litigation.

3. Statutory damages according to statutory remedies. The Defendant knew or reasonably should have known that the person was conducting unlawful acts, also subject statutory remedies.

4, Punitive damages as allowed by statutory remedies.

5. Consequential damages;

6. Attorney fees; pursuant to statutory remedies.

7. Such equitable relief as may seem to the Court to be just and proper, and also pursuant to statutory remedies.

8. Interest pursuant to statutory remedies.

## AS TO COUNT TWELVE:

1. Money damages;

2. Costs of litigation;

3. Punitive and consequential damages;

4. Attorney fees;

5. Such equitable relief as may seem to the Court to be just and proper; and

6. Interest.

## AS TO COUNT THIRTEEN:

1. Money damages;

2. Costs of litigation;

3. Punitive and consequential damages;

4. Attorney fees;

5. Such equitable relief as may seem to the Court to be just and proper; and

6. Interest.

## DEMAND FOR JURY TRIAL

### JURISDICTION

1.    The Court has jurisdiction over this action under 28 U.S.C. § 1331. The Court has venue over this action under 28 U.S.C. § 1391(b) (2), 28 U.S.C. § 1391(c) (2), § 1391(e), § 1391(g).

2.      The Plaintiff claims in excess of $75,000. None of the parties is a resident of New York.

3.      The Jurisdiction of the Court is proper since this action addresses civil rights violations and would also qualify under diversity.

4.      The Defendant worked directly with, or with contractors of the US Government and Government sponsored organization, establishing the Plaintiff remedies as action of State v an individual asserting the Defendant's rights to raise certain constitutional issues.

5.      A substantial part of the events for which the Plaintiff is suing occurred in this district. The venue is proper since the Defendant CHIA conduct substantial business in this district.

## JURY TRIAL

1. The Plaintiff demands a jury trial to the fullest extent allowed by the constitution or other applicable law.

Respectfully,

for the Plaintiff, Richard Caires, pro se

By

/s/ Richard Caires

Richard Caires acting pro se

634 NORTH ST

GREENWICH, CT 06830

Phone: 914-879-0037

21